UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEITH SPINDEL, ET AL                                             CIVIL ACTION

VERSUS                                                                    No. 10-4110

BANKERS SPECIALTY INSURANCE                           SECTION I
COMPANY

### ORDER AND REASONS

Before the Court is a motion for summary judgment[1] filed by defendant, Bankers Specialty Insurance Company ("Bankers"). Plaintiffs, Judy and Keith Spindel ("the Spindels"), oppose such motion. For the following reasons, Bankers' motion is **DENIED**.[2]

### *BACKGROUND*

The Spindels assert that on December 19, 2009, a water pipe burst and caused damage inside the master bedroom of the Spindel's residence. After such alleged damage occurred, the Spindels submitted an insurance claim to Bankers.[3]

Bankers issued the Spindels a homeowners' policy. Section I of the homeowners' policy contains the following provision:

> B.   Duties After Loss
> In case of a loss to covered property, we have no duty to provide coverage under this policy if [your] failure to comply with the following duties is prejudicial to us . . . :
> . . .
> 5.   Cooperate with us in the investigation of a claim;

---

[1] R. Doc. No. 89.
[2] During a December 21, 2010 conference call with chambers, counsel for both parties stipulated to the authenticity of all of the exhibits submitted in connection with Bankers' summary judgment motion. Plaintiffs have submitted no exhibits or affidavits in connection with their response.
[3] R. Doc. No. 5-2; R. Doc. No. 9-1.

1

>. . .
>7.   As often as we reasonably require:
>. . .
>c.   Submit to examination under oath, while not in the presence of another "insured", and sign the same.
>8. Send to us, within 60 days after our request, your signed, sworn proof of loss . . . .[4]

The policy also contains a provision which states that, "[n]o action can be brought against [Bankers] unless there has been full compliance with all of the terms under Section I of this policy and the action is started within 5 years after the date of loss."[5]

On April 21, 2010, Bankers wrote to the Spindels via certified mail and requested that the Spindels submit to an examination under oath as provided for in the homeowners' policy, that they provide Bankers with documents relevant to their claim, and that they complete an enclosed sworn proof of loss form for submission at the examination under oath.[6] Bankers again requested that the Spindels submit to an examination under oath on June 30, 2010,[7] July 6, 2010,[8] July 23, 2010,[9] and July 28, 2010.[10]

On July 1, 2010, plaintiffs' counsel sent defense counsel a letter stating that, "[i]f Bankers insists on taking sworn testimony from my clients before attempting to reconcile the differences asserted in our demand letter, we will simply file suit, and you can depose the Spindels rather than wasting time with an Examination Under Oath."[11]

---

[4] R. Doc. No. 5-4, pg. 26.
[5] R. Doc. No. 5-4, pg. 50.
[6] R. Doc. No. 5-8, pgs. 5-6.
[7] R. Doc. No. 6.
[8] R. Doc. No. 8.
[9] R. Doc. No. 5-8, pg. 18.
[10] R. Doc. No. 10
[11] R. Doc. No. 5-8, pg. 14.

Bankers argues that summary judgment is appropriate because the Spindels' failure to submit to an examination under oath precluded them from filing this lawsuit. Although they provide no legal support for the proposition, the Spindels essentially assert that they had no duty to submit to an examination under oath because Bankers did not pay the Spindels' claims in the statutorily required manner.

## *LAW AND ANALYSIS*

### I. **Summary Judgment**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

"Once a movant who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment should not be granted." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 445, 458 (5th Cir. 1998). "A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Id.* The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory

3

allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.*  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## II.   Conditions Precedent

"Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy . . . ." *Mosadegh v. State Farm Fire and Casualty Co.*, 330 Fed. App'x 65, 66 (5th Cir. 2009) (unpublished) (citing *Lee v. United Fire & Casualty Co.*, 607 So. 2d 685, 688 (La. App. 1992); *Robbert v. Equitable Life Assur. Soc.*, 217 La. 325, 343 (1949)).  As another section of this Court recently stated:

> "[T]he failure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to suit on the policy."  [*Lee*, 607 So. 2d at 688.]  Such failure may be the result of the misplaced arrogance of counsel, or the recalcitrance of the litigant.  It may be "manifested by a refusal to produce documents."  *Id.* (citations omitted).  As noted by one court, "[a]n outright refusal to submit to an examination is the easy case."  *Id.* []  Note, however, that "[w]hen an insurer denies liability for a claim, it abandons its right to compel the claimant to comply with the preliminary provisions of the policy."  [*Patterson v. Liberty Lloyds Ins. Co.*, 692 So. 2d 17, 19 (La. App. 1997)].

*Mosadegh v. State Farm Fire and Casualty Co.*, Civil Action No. 07-4427, 2008 WL 4544361, at *3 (E.D. La. Oct. 8, 2008), *aff'd*, 330 Fed. App'x 65 (5th Cir. 2009).

"The [insurer] must also show that it has been prejudiced by the failure of the plaintiffs to submit to examinations under oath." *Id.* at *4.  An insurer can meet its burden of establishing actual prejudice by establishing "that it is unable to obtain information while it is still fresh [and that] it cannot inspect the subject property in a timely fashion after receiving information from an examination under oath." *Id.*

The record reflects that no genuine issue of material fact exists with respect to whether the Spindels refused to submit to an examination under oath.  Indeed, on July 1, 2010, plaintiffs' counsel sent defense counsel a letter emphatically stating that, "[i]f Bankers insists on taking sworn testimony from my clients before attempting to reconcile the differences asserted in our demand letter, we will simply file suit, and you can depose the Spindels rather than wasting time with an Examination Under Oath."[12]

Nevertheless, although the Spindels failed to submit to an examination under oath, Bankers "must also show that it has been prejudiced by the failure of plaintiffs to submit to an examination under oath."  *Mosadegh*, 2008 WL 4544361, at *4; *see also Trosclair v. CNA Ins. Co.*, 637 So. 2d 1168, 1170-71 (La. App. 4th Cir. 1994).  Bankers has failed to meet this burden.  Although defense counsel asserts in its brief that, "Bankers has been prejudiced by the Spindels' refusal to appear for an [examination under oath] or prepare a sworn Proof of Loss as requested . . . [because] Bankers can no longer obtain relevant information on the Spindels' claim 'while information is fresh' in their minds,"[13] Bankers offers no admissible summary judgment evidence to support such assertion.

---

[12] R. Doc. No. 5-8, pg. 14.
[13] R. Doc. No. 5-3, pgs. 15-16.

Finally, the parties dispute whether the Spindels submitted a valid proof of loss form to Bankers as required by the homeowners' policy. Even if the Court were to conclude that the Spindels did not submit a valid proof of loss form to Bankers,[14] Bankers would still be required to show that it was prejudiced by plaintiffs' failure to submit such form. *Kovedsi v. Allstate Indem. Co.*, Civil Action No. 10-697, 2010 WL 3835893, at *6 (E.D. La. Sept. 24, 2010) (Fallon, J.) (insurance company must show actual prejudice to obtain a dismissal for an insured's failure to fulfill duties pursuant to an insurance policy's cooperation clause). As stated, Bankers has offered no admissible summary judgment evidence to establish that it was prejudiced by the Spindels' alleged failure to fulfill their obligations under the policy.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, **IT IS ORDERED** that Bankers' motion for summary judgment is **DENIED**.

New Orleans, Louisiana, December   28th  , 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14] The Court explicitly states that it makes no such finding.